**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4681**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BRIAN KEITH SELLARS,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:10-cr-00243-TDS-1)

_____

Submitted:  April 25, 2013        Decided:  April 30, 2013

_____

Before WILKINSON, KING, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Todd Allen Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Keith Sellars appeals the 135-month sentence imposed following this court's remand for resentencing, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2010) (en banc). On appeal, Sellars' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court's sentence on remand was reasonable. Sellars has filed a pro se supplemental brief in which he alleges ineffective assistance of counsel, that the district court made numerous errors when determining his relevant conduct, and that the court failed to comply with applicable forfeiture procedures. Finding no error, we affirm.

The sole issue raised in the Anders brief is whether Sellars' sentence on remand was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence imposed is

within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in imposing the 135-month sentence on remand. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review).

We have considered Sellars' pro se arguments and, in accordance with Anders, we have reviewed the record in this case. Our review has revealed no meritorious issues for appeal. We therefore deny Sellars' motion to appoint counsel and affirm the district court's second amended judgment. This court requires that counsel inform Sellars, in writing, of his right to petition the Supreme Court of the United States for further review. If Sellars requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sellars. We dispense with oral argument because the facts and legal conclusions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED